IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHAKIRA CABAN-LOPEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTIAN E. CORTES-FELICIANO, *et al.*, <br><br> Defendants. | CIVIL NO. 22-1220 (HRV) |

## ORDER

Pending before the Court is the Plaintiffs' "Motion Pursuant to Rule 54(b) of Civil Procedure." (Docket No. 78). In it, they seek the entry of a final judgment on their salary adjustment claim and as to which the Court recently granted summary judgment in favor of the Defendants. Defendants oppose the request. (Docket No. 79).

The Court is persuaded by the position of the Defendants stated at Docket No. 79. Although the ruling granting summary judgment on the salary adjustment claim meets the finality prong of the relevant Rule 54(b) analysis, *see Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994) (explaining that to qualify as final, a ruling must "dispose[] completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally."), the Plaintiffs have failed to meet their burden as to the second prong, namely, "that there is no just reason for delay." Fed. R. Civ. P. 54(b).

1

Here, Plaintiffs do not explain why an interlocutory appeal is warranted nor why delaying the entry of final judgment will cause them any type of prejudice. *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) (holding that "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants."). They have not directed the Court's attention to any equities or efficiencies implicated in their request. *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996) (noting that before entering a separate and final judgment under Fed. R. Civ. P. 54(b), the court must evaluate "any interrelationship or overlap among the various legal and factual issues involved [and] any equities and efficiencies implicated by the requested piecemeal review.").

Trial is set to begin in a few weeks on the surviving claim. Notwithstanding the outcome of the upcoming trial, the Plaintiffs will be able to seek appellate review of my summary judgment ruling in the very near future. And the First Circuit has admonished that Rule 54(b) certifications should be used sparingly, *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012), considering the "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel*, 843 F.2d at 42.

Accordingly, the motion for entry of a final judgment is DENIED.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 20th day of October, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE